IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| JOSEPH A. DECESARIS, *et al.*, | * |
| Plaintiffs, | * |
| v. | * CIVIL NO.: WDQ-07-3097 |
| CHECKERS DRIVE-IN RESTAURANTS, INC., | * |
| Defendant. | * |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM OPINION AND ORDER

Joseph A. DeCesaris and Donna M. DeCesaris sued Checkers Drive-In Restaurants, Inc. ("Checkers") for breach of contract. On February 6, 2008, the case was stayed and administratively closed pending arbitration, per a provision in the parties' Area Development Agreement ("ADA").[1]  Pending is Checkers's motion to reopen and dismiss for failure to prosecute.  For the following reasons, the motion will be granted.

On December 14, 2012, Checkers moved to reopen and dismiss with prejudice, in light of the Plaintiffs' "complete failure to take any steps to commence arbitration or otherwise prosecute the claims asserted herein" since 2008.  ECF No. 15-1 at 2.  On January 28, 2013, after the Plaintiffs' counsel informed the Court that he no longer represents the Plaintiffs in this case,

---

[1] For a more detailed factual background, see ECF No. 13.

the Court directed the Plaintiffs to oppose Checkers's motion by Friday, February 15, 2013.  ECF No. 16.  The Court further cautioned the Plaintiffs that failure to timely respond could result in the Court's granting Checkers's motion as unopposed. To date, no response has been filed.  *See* docket.

The U.S. Supreme Court has long recognized a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). "Once it is clear that parties to an arbitration agreement are obligated to submit a particular dispute to arbitration, procedural questions which grow out of that dispute and bear on its final disposition should be left to the arbitrator." *Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 123 F. App'x 481, 483 (3d Cir. 2005).  However, an arbitration agreement does not deprive a district court of jurisdiction over the claims subject to arbitration.  *Anaconda v. Am. Sugar Refining Co.*, 322 U.S. 42, 44-45 (1944).  Although the Fourth Circuit appears not to have addressed the issue, several circuits have held that a stay of proceedings pending arbitration contemplates "continuing supervision" by a court to ensure that arbitration proceedings are conducted "within a reasonable amount of time," and have further found that jurisdiction over a Rule 41(b) motion "serves this end." *Windward Agency*, 123 F. App'x at 483 (*citing Martens*

2

*v. Thomann,* 273 F.3d 159 (2d Cir. 2001); *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 654 (9th Cir. 1991); *Meyer v. Dans un Jardin, S.A.,* 816 F.2d 533, 538-39 (10th Cir. 1987)).

Fed. R. Civ. P. 41(b) authorizes district courts to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R.,* 370 U.S. 626, 630 (1962). Specifically, the rule provides that a defendant may move to dismiss, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). On a motion for Rule 41(b) dismissal, the court considers: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice to the defendant; (3) whether the plaintiff has a "drawn out history of deliberately proceeding in a dilatory fashion"; and (4) "the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r,* 916 F.2d 171, 174 (4th Cir. 1990). A dismissal sanction is "usually inappropriate" when it unjustly penalizes a blameless client for the attorney's behavior. *Id.*

Here, the Plaintiffs were initially represented by counsel, who filed the complaint and opposed Checkers's motion to compel arbitration and stay. *See* ECF Nos. 2, 11. However, the Plaintiffs' counsel has since characterized his involvement in the case as "brief," and indicated that he no longer represents

3

the Plaintiffs.  Moreover, this Court directly ordered the
Plaintiffs to respond to Checkers's motion.  ECF No. 16.  They
have not done so.  Checkers's Senior Vice President and General
Counsel Brian Doster declares that Checkers's ability to defend
the action has suffered, because employees have "come and gone,"
memories have faded, and "it may be difficult to locate and
compel witnesses to testify."  Doster Decl. ¶ 6.

Over eight years have passed since the parties entered into
the ADA in 2004, ECF No. 12, Ex. A, and over five years have
passed since February 6, 2008, when the parties were ordered to
arbitrate, ECF No. 14; *see* Doster Decl. ¶ 5.  The Plaintiffs'
inaction during this period--coupled with their failure to
respond to Checkers's motion--evidences deliberate delay
sufficient to warrant dismissal with prejudice.

Accordingly, it is, this  8th  day of April 2013, ORDERED
that:

1.   The Defendant's motion to reopen and dismiss (ECF No. 15)
     BE, and HEREBY IS, GRANTED:

     a.   The stay BE, and HEREBY IS, LIFTED.

     b.   The case BE, and HEREBY IS, REOPENED.

     c.   The complaint BE, AND HEREBY IS, DISMISSED WITH
          PREJUDICE;

2.   The Clerk of the Court shall CLOSE this case; and

4

3.   The Clerk shall send copies of this Memorandum Opinion and
     Order to the parties.

William D. Quarles, Jr.
United States District Judge